

Nancy V. Alquist
NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | | |
|---|---|---|
| IN RE: | | |
| DERRICK G. MCLEAN, SR., | * | CASE NO.: 10-12327 |
| | * | |
| Debtor. | * | CHAPTER 13 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

BOARDWALK 2001, LLC
825 N. CHARLES STREET             *
BALTIMORE, MD 21201
                                  *
    Movant,
v.                                *

DERRICK G. MCLEAN, SR.             *
    Debtor,
and                                *

GERARD R. VETTER, Trustee          *
    Respondent

_____

### CONSENT ORDER FOR RELIEF FROM STAY AS TO
### PROPERTY KNOWN AS 1 N. ROSEDALE STREET

This cause came before the Court on the Motion For Relief From Stay filed by Movant, Boardwalk 2001, LLC, and the parties having reached an agreement by their attorneys, it is therefore

ORDERED, that the Automatic Stay of 11 U.S.C. 362(a) is hereby terminated so as to permit the Movant to pursue applicable state remedies as to the real property known as 1 N.

Rosedale Street, Baltimore, Maryland 21229; and it is further

ORDERED, that the Movant shall forbear from exercising any rights to foreclose under applicable law as to the subject real property provided that the Debtor performs under the Note and security instrument and complies with the following terms and conditions of this Order as follows:

1. That the Debtor, Derrick G. McLean, Sr., will resume regular monthly payments in the amount of seven hundred ninety eight dollars ($798.00), representing the payment of principal and interest ($501.00), plus escrow funds for taxes ($194.00), property insurance ($83.00), and ground rent ($20.00); beginning July 1, 2010 under the Deed of Trust dated May 3, 2003 and recorded among the Land Records of Baltimore City in Liber No. 4025, page 434, on the property known as 1 N. Rosedale Street, Baltimore, Maryland 21229, the first payment to be received no later than July 1, 2010, and each subsequent payment to be due on the 1st of the month and to be received no later than the 15th of the month thereafter. The amount of the payment is subject to change in accordance with the Note and Deed of Trust after proper notice.

2. That the Debtor will make an <u>additional monthly payment</u> of $166.67 for three (3) consecutive months beginning in July 2010. These additional payments will be applied to the payment of attorneys fees and court costs, which total $500.00 ( $350.00 attorneys fee and $150.00 court costs) incurred by the filing of the Motion for Relief. The additional payments shall be due as follows: July 20, 2010, August 20, 2010 and September 20, 2010.

3. All additional payments shall be made directly to: Jay A. Dackman, Esquire, 825 N. Charles Street, Baltimore, Maryland 21202

4. Debtor's tendering of a check which is subsequently returned unpaid shall not

constitute a 'payment' as that term is used in Paragraphs 1 and 2 of this Order.

     5.  That if the Debtor fails to make any payment as scheduled, Movant, Boardwalk 2001, LLC, its successors and/or assigns, or Movant's attorney will file a Notice of Default and will mail a copy of the Notice of Default to Debtor and serve Debtor's attorney.  The Debtor will have ten (10) days to cure the default.  In the event the default is not cured, the Movant will file an Affidavit of Default and the stay is lifted without further Order of the Court.  In the event Debtor files an opposition on or before ten (10) days of the Notice disputing the default, the stay shall remain in effect until the dispute is adjudicated.  In the event that the Movant has properly issued two prior notices, upon a third default, the Movant may file an Affidavit of Default and the stay is lifted without further Notice or Order of the Court.  In the event a partial payment is accepted by the Lender during the cure period, acceptance of said payment shall not constitute a satisfaction or waiver of the Notice or Affidavit of Default, it will be entitled to an attorney fee of $75.00.

     6.  That in the event the case is converted or dismissed or Debtor is discharged, Movant's agreement to forebear is terminated.

     7.  The fourteen (14) day stay of the relief from stay pursuant to Rule 4001(a)(3) is hereby waived.

Consented to by:

_/s/_____
Jeffrey M. Sirody, Esquire
Attorney for Debtor

3

\_\_/s/_____
Jay A. Dackman, Esquire
Attorney for Movant


       I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the \_\_/s/\_\_\_\_\_ on this copy reference the signatures of consenting parties on the original consent order.

\_\_\_/s/_____
Jay A. Dackman, Esquire

\_\_/s/_____
Jeffrey M. Sirody, Esquire

cc:

Derrick G. McLean
1 N. Rosedale Street
Baltimore, MD 21229
Debtor

Jeffrey M. Sirody, Esquire
Sirody, Freiman & Associates
1777 Reisterstown Road, Suite 360E
Baltimore, MD 21208
Attorney for Debtor

Jay A. Dackman, Esquire
Jay A. Dackman, Esquire
825 N. Charles Street
Baltimore, MD 21202
Attorney for Movant

Gerard R. Vetter, Chapter 13 Trustee
100 S. Charles Street, Suite 501
Baltimore, MD 21201